Filed 9/24/25  P. v. Harper CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084071 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. MH64508) |
| BRIAN PAUL HARPER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Brian Paul Harper appeals from a May 2024 order after bench trial recommitting him as a mentally disordered sex offender (MDSO) under

Welfare and Institutions Code former section 6316.2.[1]  His counsel submitted a brief pursuant to *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*), stating he found no arguable issues on appeal.  He requested we independently review the record under *Ben C.*  We granted Harper the opportunity to file a supplemental brief on his own behalf and he has not done so.  After independently reviewing the record, we find no arguable appellate issues and affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In 1981, Harper was convicted of committing a lewd and lascivious act upon a child.  (Pen. Code, § 288, subd. (a).)  He was found to be an MDSO and committed to the State Department of Mental Health under former section 6316 for a maximum commitment of approximately six years nine months.  On numerous occasions after November 1987, the court extended his commitment by two-year increments.  He has been unsuccessful at a lower level security facility, and it has been determined that "[h]e cannot be safely treated in the community."

Prior to the September 2023 petition to recommit Harper (the 2023 petition), he was examined by a Department of State Hospitals Coalinga psychologist, Robert Wagner, Ph.D.  Dr. Wagner diagnosed Harper with Schizoaffective Disorder, Pedophilic Disorder, Alcohol Use Disorder and Other Hallucinogen Use Disorder.  When noncompliant with his medication, Dr. Wagner opined that Harper could "become delusional, paranoid, grandiose and verbally aggressive."  He was described to be "explosively

---

[1]  Further undesignated statutory references are to the Welfare and Institutions Code.  Former MDSO statutes (§ 6300 et seq.) were repealed in 1982 (Stats. 1981, ch. 928, § 2) and replaced with the Sexually Violent Predators Act, section 6600 et seq.  However, the article continues to apply to those already committed under its provisions.  (*Baker v. Superior Court* (1984) 35 Cal.3d 663, 667.)

angry with staff members" on several occasions. Harper appeared "incapable of consistently following a prescribed medication." After he refused his medications, he "deteriorated psychiatrically" and was placed on an order for involuntary administration of his medication. Ultimately, Dr. Wagner concluded Harper's Schizoaffective Disorder was "not in clinical remission," he had "minimal insight into his illness and his criminal behavior," and had "made no progress toward discharge to the community."

In support of the 2023 petition, the People attached an affidavit from the medical director of a state hospital, opining Harper suffered "from a mental disease, defect, or disorder" and was "predisposed to the commission of sexual offenses to such a degree that he presents a substantial danger of bodily harm to others."

After the petition to extend Harper's commitment was filed, the court appointed two psychiatrists to examine Harper and report.

Harper testified on his own behalf, describing the hospital as "full of lies, [and] false promises." He acknowledged he was receiving treatment for Schizoaffective Disorder, Bipolar Type. However, when asked if he had a mental illness, Harper said he "kind of [had] a [mental] illness" because sometimes he did not get what he wanted, and described meeting celebrities in his mind "while the rest of the world watched." He averred it was not an illness, but rather a blessing. He expressed his desire to be released, but offered little by way of a postrelease plan. As to his treatment, he admitted he was not participating in any sexual offender treatment programs and objected to the medication he was taking. Instead of accessing that care, Harper testified that he had "an ongoing therapy session with [himself] and the TV around [him] and others around [him]," because he believed his thoughts were being broadcast to others.

3

The court considered the series of reports from doctors and Harper's testimony, determining Harper "is still suffering from a mental disease, defect, or disorder which predisposes him to the commission of sexual offenses to such a degree that he presents a substantial danger of bodily harm to others." Consistent with that finding, it recommitted Harper to the California Department of State Hospitals for a period of two years.

## DISCUSSION

Neither Harper nor his appointed counsel have set forth any specific argument that there was reversible error. We have independently reviewed the record pursuant to *Ben C.* and have not found any reasonably arguable appellate issues. Competent counsel has represented Harper on appeal.

## DISPOSITION

The order recommitting Harper pursuant to section 6316.2 is affirmed.


                                                            KELETY, J.


WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.


4